10/4/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TODTMAN, NACHAMIE, SPIZZ & JOHNS,                    :
P.C.,                                                :            05 Civ. 10098 (CSH)
                                    Plaintiff,       :
                                                     :
                    -against-                        :            MEMORANDUM OPINION
                                                     :            AND ORDER
RAUF ASHRAF, and EMPYREAN                            :
INVESTMENT FUND, L.P.,                               :
                                                     :
                                    Defendants.      :
-------------------------------------------------------------- x

HAIGHT, Senior District Judge:

The Plaintiff, a law firm, sues to recover its fees for legal services rendered to the individual

Defendant, Rauf Ashraf, and to a limited partnership, Defendant Empyrean Investment Fund, L.P.

("Empyrean"). The complaint alleges diversity of citizenship as the basis for this Court's subject

matter jurisdiction. *See* 28 U.S.C. §1332(a)(1). Plaintiff now moves for the entry of a judgment by

default pursuant to Fed. R. Civ. P. 55.

## I. DEFAULT

Default under Rule 55 involves two steps: the entry of the default by the clerk of the court

pursuant to Rule 55(a), and the subsequent entry of a default judgment by the clerk under Rule

55(b)(1) or by the court under Rule 55(b)(2).

In the case at bar, the Clerk's Certificate notes the failure of the Defendants to answer or

otherwise move with respect to the complaint. Accordingly the first step has been accomplished:

the Clerk has entered the Defendants' default. Plaintiff by Notice of Motion dated August 16, 2006

asks the Court to take the second step and enter a default judgment against both Defendants. Ashraf

responded by faxing a letter dated September 19, 2006 to the Court, with a copy to Plaintiff. Ashraf

said in his letter that he has not yet been able to retain counsel to defend this action but anticipates doing so. He further stated that he has "a strong defense" to Plaintiff's claim for legal fees and "many valid counterclaims" against it. Ashraf asked that he be given 60 days to retain "legal counsel who can file a complete response." Plaintiff urged in a letter to the Court dated September 29, 2006, with a copy to Ashraf, that the Court enter a default judgment now.

I construe the present record as containing an expressed intention by Defendants to apply for relief from the Clerk's entry of default. That application, if and when made, will be governed by Rule 55(c). Under Rule 55(c), the Court is authorized to set aside an entry of default for "good cause shown," and to set aside a judgment by default in accordance with Rule 60(b). It is necessary to identify the procedural posture of the case at the time an application for relief is made, because "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). *Meehan* holds that a district court commits reversible error if it applies the more demanding Rule 60(b) standard for relief from a default judgment to a Rule 55(c) application for relief from an entry of default.

"Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan*, 652 F.2d at 277. Ashraf's September 19, 2006 letter falls well short of meeting those requirements. Thus, while Ashraf asserts the existence of a defense against Plaintiff's claim and counterclaims in Defendants' favor, to show the meritorious defense required by a Rule 55(c) application for relief "a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted." 10 James Wm. Moore et al., *Moore's*

*Federal Practice*, § 55.50[1][b][ii] (3d ed. 2005).

The Court grants Defendants an extension to and including November 17, 2006 to file and serve an application in proper form under Rule 55(c) for relief from the entry of default made by the Clerk. As for representation by counsel, the individual Defendant Ashraf may appear *pro se*, but Defendant Empyrean, a partnership, must appear through counsel and not a layperson. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991).

## II. JURISDICTION

The Court raises *sua sponte* the question of its subject matter jurisdiction.

As noted, Plaintiff invokes diversity of citizenship as the source of the Court's subject matter jurisdiction. The allegations of the complaint must be sufficient to demonstrate the requisite complete diversity between the parties. In that regard, the complaint alleges that Plaintiff is a New York professional corporation maintaining an office in this District.[1] For purposes of diversity jurisdiction, a law firm taking the form of a professional corporation is a citizen of the state of incorporation and of the state where it has its principal place of business. *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983). In this case, Plaintiff is sufficiently alleged to be a citizen of New York.

As for the Defendants, the complaint alleges in ¶ 2 "upon information and belief" that Defendant Ashraf "is a Massachusetts resident" residing at a stated street address in Brookline, Massachusetts, and in ¶ 3 "upon information and belief" that Defendant Empyrean is a Massachusetts limited partnership having an address in the care of another limited partnership at a stated address in Boston. These allegations are insufficient for jurisdictional purposes with respect

---

[1] Plaintiff's letterhead indicates that it maintains offices in Paris and Milan, but the Court assumes that its New York office is the principal office.

to both defendants.

As for the individual Defendant, Ashraf, it is settled law that in the case of individual parties, citizenship for diversity purposes depends upon their places of domicile. A party may have several places of residence, but in law may have only one domicile at a given time, and when a plaintiff alleges residence but not citizenship as a basis for diversity jurisdiction, the court must dismiss the suit. *See Mackason v. Diamond Fin. L.L.C.*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (citing cases). One cannot tell from the complaint whether Ashraf maintains another residence in New York, with the potential result that New York is his state of domicile, which would destroy diversity jurisdiction.

As for Defendant Empyrean, it is equally well settled that for diversity purposes a limited partnership "has the citizenship of each of its general and limited partners." *Minard v. Pareto Partners, Inc.*, No. 04 Civ. 741, 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) (citing cases). One cannot tell from the complaint the identity of the other Empyrean partners, and whether one of them is domiciled in New York, which would destroy diversity jurisdiction.

In these circumstances, Defendant Ashraf is directed to file and serve, together with his application for relief under Rule 55(c), an affidavit setting forth (1) whether at the time this suit was commenced he maintained any residence other than in the state of Massachusetts; (2) the names of all other Empyrean partners; and (3) the states in which those individuals maintained residences at the time this suit was commenced. The Court will then determine whether a further inquiry into this jurisdictional question is required.

If the Defendants file and serve an application for relief consistent with this Memorandum, Plaintiff is directed to file and serve opposing papers within 10 days after it receives the application. Defendants, if so advised, may file and serve reply papers within 10 days after they receive Plaintiff's opposing papers.

The foregoing is SO ORDERED.

Dated:  New York, New York
        October 4, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE